# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| DAVID JASON TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:16-CV-422 JVB |
| | ) | |
| COUNTRYSIDE RANCH LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

David Jason Taylor, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 8.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Nevertheless, a *pro se* complaint must be liberally construed "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Taylor is an inmate at the Allen County Jail. He filed the present lawsuit stemming from his time at Countryside Ranch ("Countryside"), a halfway house. Taylor was ordered to reside at Countryside for six months. Taylor alleges that Countryside owner Robert Mosher became upset when Taylor refused to work full-time for him at the ranch. As a consequence, Mosher falsely reported to Taylor's probation officer that Taylor was no longer residing at Countryside. Because

residing at Countryside was a condition of his probation, the probation officer was led to believe that Taylor violated the terms of his probation. Mosher's statements to the probation officer resulted in a warrant being issued, Taylor being arrested, and his probation revoked. However, when the prosecuting attorney learned of Mosher's fabricated statements, the warrant and probation revocation were dismissed. Taylor was released from custody and placed back on probation. Taylor brings a claim for money damages against both Countryside and its owner, Robert Mosher. Taylor indicates that he is currently incarcerated on unrelated charges.

As the court has previously explained, Countryside is not a proper defendant here. Though it is where these events occurred, the halfway house is a building, not a person or even a policy making unit of government that can be sued pursuant to Title 42 U.S.C. section 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

Next, Taylor alleges that Mosher violated his First Amendment rights by retaliating against him for not agreeing to work full-time for him at Countryside. When a plaintiff is proceeding *pro se*, the Court must analyze his claims, not the legal theories he propounds. *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012). Here, Taylor's claim stems from Mosher's actions of intentionally fabricating statements to Taylor's probation officer, which resulted in him being falsely incarcerated and having his probation wrongfully revoked. Though Taylor alleges this is a First Amendment violation, this fits within the Fourth Amendment rubric, not the First Amendment.[1] *Betker v. Gomez*, 692 F.3d 854, 862 (7th Cir. 2012) (noting that the Fourth

---

[1] Indeed, a First Amendment retaliation claim, would require Taylor to show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Taylor refusing to work for Mosher does not constitute protected activity.

Amendment is violated "if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue.").

Under the Fourth Amendment, Taylor enjoys a right to be free from arrest without probable cause. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). Similarly, an individual on probation has a liberty interest in his status as a probationer. *See Gagnon v. Scarpelli*, 411 U.S. 778, 82 (1973). "Probable cause for an arrest exists if, at the moment the arrest is made, the facts and circumstances within the officer['s] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent person in believing that an offense has been committed." *Hughs v. Meyer*, 800 F.2d 967, 969 (7th Cir. 1989). The Fourth Amendment is violated "if the requesting [government official] knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue." *Betker v. Gomez*, 692 F.3d 854, 860 (7th Cir. 2012) *quoting Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003). Here, Taylor alleges that Mosher intentionally lied about material facts that led to his wrongful arrest, incarceration and probation revocation. Though the facts may prove that Mosher was justified in telling the probation officer that Taylor did not reside at Countryside, giving Taylor the benefit he is entitled to at this stage, the court concludes that he has stated enough to proceed on a claim that Mosher has violated his Fourth Amendment rights.

As a final matter, Taylor was previously informed that this claim seemed to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because it appeared that his probation revocation and arrest had not been invalidated. In his amended complaint, though, Taylor explains that the

3

probation revocation and arrest were both invalidated, which would result in his claim avoiding the *Heck* bar.

For these reasons, the court:

(1) **GRANTS** David Jason Taylor leave to proceed against Robert Mosher in his individual capacity for compensatory and punitive damages for knowingly making a false statement that resulted in his wrongful arrest, incarceration and probation revocation in August 2016, in violation of the Fourth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Countryside Ranch;

(4) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Robert Mosher with a copy of this order and the amended complaint (DE 8) as required by 28 U.S.C. § 1915(d); and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Robert Mosher respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on April 11, 2017.

 s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge  
Hammond Division